Mr. Nkrumah Lumumba Valier

TDCJ-No. 1546714
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367

June 13, 2016

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 17 2016

Abel Acosta, Clerk

To: Clerk
Court Of Criminal Appeals Of Texas
P.O. Box 12308
Capitol Station
Austin, TX. 78711

Re: Appeal Of Denial of motion to Show Cause For Relief in Tr. Ct. No. 1150625-G WR-77,638-17. Requesting Special Review Of "Newly Discovered" evidence and "Actual Innocence" claim.

Dear Clerk:

Please find enclose and File Motion To Appeal the Motion To Show Good Cause For Relief, this court denied.

I am "Actual Innocent" of this crime. I was not with Tiffany Rogers on May 16. 2005 at 12am. "Newly discovered" evidence was not made available to me to raise the 4th Amendment violation committed by the State to illegally obtain my conviction was not made available until March 19, 2014 by Asst. Attorney General Melissa L. Hargis that established that 1). Judge Jan Krocker was the trial judge of cause no. 1150625. Official record show that Judge Jan Krocker did not issue a Court Order to obtain my DNA For testing until September 16. 2005. 2). Official record support that Officer Keith McMurtry sent the rape kit out to be processed in July 2005 and when the results came back it gave him the identity of Nkrumah Valier. 3). I never gave consent in July 2005 to take my DNA nor was a warrant issued to take my DNA to do testing in July 2005. 4). A Brady violation occurs when (a) the prosecution suppressed evidence. (b) the evidence was Favorable to defendant, (c). the evidence was material.

The Failure to disclose denied me a Fair trial, direct appeal and prevented claims from properly being raised on the First Article 11.07 when I lacked the Factual basis to raise claim. Without the DNA there would be no evidence to find me guilty when the complainant excluded me when she never identified me. Tiffany Rogers knew I was not the man she alleged sexually assaulted her on May 16. 2005 at 12am. When she knew who I was when I have a son with her sister-in-law Cordelia Rogers, but she did not tell the police or anyone this information. Cordelia Rogers provided

-1-

"newly discovered" evidence on January 23, 2014 establishing that I am the Father of her son Caleb Rogers born April 17, 2001. I didn't know of this prior to that date because we dated briefly in 2000 and lost communication. Tiffany Rogers was living with her and our son on Fondren and W. Belfort in S.W. Houston.

Had I been the man Tiffany Rogers alleged done that to her on May 16, 2005 at 12am she would have gave Officer Warren Lyons that night my name and the location of the barbershop I worked at as a license barber. Because it was next door from where they lived.

Please bring this to the intention of the Court because I am "Actually Innocent" of this crime and the State engaged in misconduct using the illegally obtained DNA in July 2005 to wrongfully convict me in cause no. 1050625 and cause no. 1030025 because I was not with either of those prostitutes on the days they alleged they was raped. Thats why the State Court will not grant the DNA re-tests in both cases because they will establish my "Actual Innocence" of these sexual assaults of these two prostitutes that conspired to extort money out of me for their roommate Cordelia Rogers.

Thank you for any and all assistance in this matter.


Respectfully,
Nkrumah Lumumba Valier

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Nkrumah Lumumba Valier,
Petitioner - Alive/Realman

v.

The State Of Texas

Tr. Ct. No. 1150625-G
WR-77.638-17

## MOTION TO APPEAL THE COURT'S DENIAL OF MOTION TO SHOW CAUSE FOR RELIEF, The PETITIONER INVOKE HIS CONSTITUTIONAL RIGHT TO SPECIAL REVIEW EN BANC IN THE INTEREST OF JUSTICE.

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, Nkrumah Lumumba Valier, here after named the Petitioner, Alive/Realman now moves this Honorable Court to GRANT Motion and Special Review En Banc In The Interest Of Justice, and in support Of Motion the Petitioner would show the Court the Following:

### I.

See Bledsue v. Johnson, 188 F.3d 250 (5th Cir. 1999), Pro se habeas petitions are construed liberally and are not held to same strigent and rigourous stand as are pleading Filed by Lawyers.

The Petitioner's Denial Of His United States Constitutional Right Under The Sixth Amendment Is Good Cause To Excuse The Procedural Default In Claims. When The Constitutional Errors Resulted In The Conviction Of A Person Who Is Actually Innocent. See Trevino v. Thaler, 569 U.S. ___ (2013) and Martinez v. Ryan, 566 U.S. ___ (2012).

The Petitioner is "actually innocent" of the alleged aggravated sexual assualt of Tiffany Rogers a common prostitute on May 16, 2005 at 12am. Because the Petitioner was not with Tiffany Rogers on that date and official record established that Tiffany Rogers excluded the Petitioner establing his "actual innocence".

-1-

Constitutional Error Brady violation:
Brady v. Maryland, 373 U.S. 83 S.Ct. 1194, 10 L. Ed. 2d 215 (1963).

(1). The prosecution suppressed evidence.

(2). The evidence was favorable to defendant.

(3). The evidence was material.

See: Spencer v. Johnson, 80 Fd. 3d 989, 994 (5th Cir. 1996). Suppression of material, favorable evidence results in a constitutional error if there is reasonable probability that, had the evidence been disclosed to the defense, the results of the proceedings would have been different.

At case at bar the defense lacked the discloser in the pre-trial hearings that the State's DNA evidence was actually obtained without a warrant or by the consent of Petitioner in July 2005. Supported by official record (RR vol. 4, page 113 at 8/20). And supported by "newly discovered" evidence provided by Asst. Attorney General Melissa L. Hargis on March 19, 2014 in the Respondent Stephen's Motion For Summer Judgment, on page 12. Establishing that Judge Jan Krocker was the trial judge in cause no. 1150625. Official record support on the docket sheet in cause no. 1030025 heard by Judge Jan Krocker from June 11, 2005 to September 11, 2006. That the Court did not issue a Court Order to obtain the Petitioner's DNA until September 16, 2005 for testing.

The failure to disclose that the only evidence the State alleged they had was obtained illegally prior to trial denied the defendant Due Process in violation of U.S.C.A. Const. Amend. 14th when the defense attorney lacked the information to raise the 4th Amendment violation. Had the illegally obtained DNA evidence been excluded pursuant to Tex. Code Crim. Proc. Ann. art. 38.23(a) no rational trier of fact could have found the Petitioner guilty of the underlying offense for the following sufficient specific facts supported by official records:

1). Official record shows that the Complainant excluded the Petitioner in the description she gave Officer Warren Lyons of the Houston Police Department in the original police report on May 16, 2005 shortly after her alleged sexual assault. (RR vol. 4, page 20 at 10/16).

-2-

2). Official record support that Tiffany Rogers excluded the Petitioner on January 8, 2008 in the photo-array showing when she did not identify as the man she alleged committed the alleged crime against her on May 16, 2005 at 12am. The police officer picked up the Petitioner's picture indentifying him to the Complainant. The Complainant made it clear that the Petitioner was not the man when she stated that: "Im don't recognize that man. Im not Familar with that man". (RR vol. 4, page 62 at 6/24).

The defendant's defense was that he did commit the offense of aggravated sexual assault against Tiffany Rogers on May 16, 2005 at 12am. Because he was not with her on that date and time. But he did have consentual sex with her on saturday night on May 14, 2005 and it was not in act of prostitution, because Ms. Rogers never introduced her self as a prostitute. Ms. Rogers pulled up in her white two door car next to the Petitiner's SUV at the gas station Flirting asking the Petitioner did he smoke weed? And did he have any? Ms. Rogers asked the Petitioner to Follow her so they could get high together. They smoked weed inside her car in the parking lot of Stick's Pool Hall. Ms. Rogers told the Petitioner that smoking weed made her horny and she wanted to have sex with him. They left her car in parking lot and she gave the Petitioner directions where to park his SUV and they agreed to have consentual sex on May 14, 2005. After having sex Ms. Rogers demanded $100 or she would call the police and say that she had been raped. The Petitioner refused to give her the money Ms. Rogers attempted to extort him out of by threat of accusing him rape if he refuse to give her money.

The State suppressed material evidence the defense attorney Failed present as evidence that is sufficient and specific evidence to support the defense of Consent. The Step 2 Sexual Assault Examination Form established the date that Ms. Rogers engaged in consentual sex with the Petitioner establishing his actual innocence. When she told the nurse that her Last sexual contact with a male one week prior to the attact was on May 14, 2005 with a black male.

Official record support that Ms. Rogers testified she did give the Petitioner consent establishing his "actual innocence. (RR Vol. 4, pages 75-76 at 21/1). See Model Penal Code § 2.11. Consent negates the element of the crime or thwarts the harm the law seeks to prevent.

-5-

The State's suppression of material evidence that the sex was consentual on May 14, 2005 between the Petitioner and Ms. Rogers who was a common prostitute two days prior to the alleged aggravated sexual assault on May 16, 2005 at 12 am. Allowed the the Petitioner to be unconstitutionally convicted of a crime that he is innocent of. See Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 1558, 131 L.Ed. 2d 490 (1995). U.S. v. Bangley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1985). Compare U.S. v. Robertson, 110 F.3d. 1113 (5th. Cir. (1997) "reversing conviction and holding that defendant may not be convicted by evidence ~~merely~~ that merely place him at the scene of another person's crime."

"Actual innocence means factual innocence not merely legal insufficiency". United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999), (quoting Bousley v. United States, 523 U.S. 614, 623 (1998) "To establish actual innocence, the Petitioner must demonstrate that in light of all the evidence it is more likely than not no reasonable juror would have convicted him. Bousley, (quoting Schlup v. Delo, 513 U.S. 298, 328 (1995).

WHEREFORE PREMISES CONSIDERS, the Petitioner, Alive / Real man prays that this Honorable Court GRANT Motion and GRANT All relief that the laws mandate when the Petitioner is "Actual Innocence" is supported by sufficient and specific evidence supported by official record. And that if not for a constitutional error no rational trier of fact could have found the Petitioner guilty.

Date Executed On: 6-13-16

Respectfully Submitted,
Mr. N Krumah Lumumba Valier ©

Certificate of Service
I hereby declare that a true and correct copy of this Motion To Appeal was sent out pre-paid postage through U.S. Postal Service on June 6, 2016 to be served on the Clerk, Court of Criminal Appeals of Texas, P.O. Box 12308, Capitol Station, Austin, TX. 78711.

Respectfully submitted,
Mr. N Krumah Lumumba Valier © ©
Mr. N Krumah Lumumba Valier
TDCJ-No. 1546714
Petitioner-(Alive/Realman), Pro Per
James V. Allred Unit
2101 FM 369 N.
Iowa Park, Texas 76367